UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM B. WAITE,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:20-cv-1121

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 19). Defendant filed a response to the objections (ECF No. 20). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court performs de novo consideration to those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff makes two related arguments in his objections. First, he argues that the Magistrate Judge erred in rejecting his argument that "the ALJ failed to include limitations into his residual functional capacity (RFC) determination consistent with the severe impairment of peripheral

neuropathy" (ECF No. 19 at PageID.1759). Second, he argues that the Magistrate Judge erred in rejecting his argument that the ALJ should have included Dr. R. Scott Lazzara's finding that Plaintiff can stand only four to six hours in an eight-hour workday in the RFC determination (*id.* at PageID.1760).

Plaintiff's arguments are without merit. With regard to his neuropathy, Plaintiff claimed "that standing on his feet increases his pain 'until it is unbearable,' he is unable to sleep due to neuropathy-related pain in his feet at night, and he can only walk for 30 minutes at a time" (ECF No. 18 at PageID.1753). The Magistrate Judge properly concluded that Plaintiff failed to cite any evidence to support his subjective report on the severity of his symptoms. "The mere diagnosis of a condition does not justify relief" (*id.*, citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019)). As detailed by the Magistrate Judge, the ALJ carefully went through the medical record in making the RFC determination. The Court agrees with the Magistrate Judge's assessment that substantial evidence supports the ALJ's RFC determination.

In addition, the Magistrate Judge properly concluded that the ALJ did not err in evaluating Dr. Lazzara's medical opinion. As laid out by the Magistrate Judge, Dr. Lazzara never opined that Plaintiff could not perform light work. He opined that Plaintiff could stand for only four to six hours in an eight-hour workday. Another physician, Dr. Larry Jackson, opined that Plaintiff could stand or walk for six hours in an eight-hour workday. The ALJ found the opinions consistent and determined that Plaintiff could perform light work[1] with additional restrictions. The Court finds no error with the Magistrate Judge's analysis.

---

[1] Social Security Ruling 83-10 provides that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6.

Accordingly:

**IT IS HEREBY ORDERED** that the objections (ECF No. 19) are **DENIED**, the Report and Recommendation of the Magistrate Judge (ECF No. 18) is **APPROVED** and **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner of Social Security is **AFFIRMED**.

A Judgment will be entered consistent with this Opinion and Order.


Dated:  June 25, 2022                                    /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge